IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.  BK06-81611 |
| | ) | |
| PATRICK BADIE and | ) | |
| LINDA BADIE, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | Filing No. 28, 38 |
| | ) | |

ORDER

Hearing was held in Omaha, Nebraska on February 5, 2007, regarding Filing No. 28, Motion to Dismiss Case, filed by the United States of America, by and through the Internal Revenue Service, and Filing No. 38, Resistance, filed by debtors.  Sam Turco appeared for the debtors and Henry Carriger appeared for the Internal Revenue Service.

QUESTION PRESENTED

Under 11 U.S.C. § 1307(e), must the court dismiss or convert to Chapter 7 a case in which the debtors filed their 2005 tax return after the date of the originally scheduled § 341(a) meeting, the trustee did not continue the meeting to allow an extension of time for filing, and the debtors did not request from the court an extension of time for filing the return?

STATEMENT OF FACTS

The record reflects that debtors had not filed their 2005 tax returns as of the date they filed their Chapter 13 petition on October 13, 2006.  Prior to filing the bankruptcy petition, the debtors had timely requested an extension for filing from the IRS and were granted until October 15, 2006, to do so.  The following is a summary of dates relevant to this issue:

- 11/17/06    Objection to Confirmation of Plan, (Filing #18) filed by Chapter 13 trustee, which avers in part in paragraph three that the debtors had not provided the trustee with a copy of their 2005 federal tax return at least seven working days prior to the first meeting of creditors as required in Section 521;

- 11/20/06    Originally scheduled date for § 341 first meeting of creditors;

- 11/28/06    First meeting of creditors actually held;

- 12/08/06    Motion to Dismiss filed by IRS;

As of December 8, 2006, the debtors had not filed the 2005 tax returns and had not requested an extension from either the trustee or the court.  The record does not reflect that the debtor requested an extension to file the 2005 tax returns  from the trustee or the court at any time

after filing the bankruptcy petition.

At issue here is whether the requirements of 11 U.S.C. § 1308, when not complied with, mandate dismissal. Section 1308 is a new provision under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) which addresses the filing of pre-petition tax returns by the debtor. Section 1308 provides in relevant part:

    (a)    Not later than the day before the date on which the meeting of creditors is first scheduled to be held under § 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

    (b)(1)    Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under § 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond –

        (A)    for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or

        (B)    for any return that is not past due as of the date of the filing of the petition, the later of –

            (I)    the date that is 120 days after the date of that meeting; or

            (ii)    the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.

    (2)    After notice and hearing, and order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for –

        (A)    a period of not more than 30 days for returns described in paragraph (1); and

        (B)    a period not to extend after the applicable extended due date for a return described in paragraph (2).

The debtors' return was not on file with the tax authority on the day prior to the first

scheduled meeting of creditors as required by § 1308(a).  Since the return was not past due on the date of filing, additional time was available to the debtors under § 1308(b)(1)(B)(i) if the trustee had "held open" the meeting of creditors to allow more time, not to exceed 120 days.  The debtors have filed the 2005 tax return since the first meeting of creditors was held on November 28, 2006, and within the 120-day window provided by § 1308(b)(1)(B)(i) but there is no indication in the record that the meeting of creditors was "held open" or continued for the purpose of allowing the debtors such an extension.

The IRS filed the motion to dismiss the case under § 1307(e) which provides that if the debtor does not timely file the tax return as required under § 1308, upon request by a party in interest and after notice and hearing, the court shall dismiss or convert the case to Chapter 7, whichever is in the best interest of the estate.

CASE LAW

A similar issue was presented to this court in In re Henery, BK05-85876, in which the debtors had failed to timely file a tax return as required under § 1308.  In response to the IRS motion to dismiss, the debtors requested more time to file the late return.  The motion to dismiss was granted, based on the debtors' failure to comply with time limits in § 1308 and given the mandatory nature of the statute.  The current case is somewhat distinguished from the facts of In re Henery because in this case the debtors have, by the date of the hearing on the motion to dismiss, filed all tax returns required by § 1308.  The debtors state that the missing tax return was very complicated and was being worked on by the accountant at the time of the meeting of creditors and this fact was discussed with the trustee during the meeting.   Under these circumstances, the court must determine if it has discretion to ignore the debtors' failure to comply with the formalities for obtaining filing extensions provided for in § 1308.

The only reported case interpreting §1308 is In re French, 354 B.R. 258 (Bankr. E.D. Wis. 2006).  That court determined that a debtor who files a Chapter 13 petition between January 1st and April 15th is required, no later than one day prior to the first meeting of creditors, to file with taxing authorities income tax returns for the preceding tax year, even though such returns are not yet due under applicable tax law.  The debtor had argued that because her tax return was not due under nonbankruptcy law until April 15, that debtor need not have the return filed prior to the February 341 meeting.  The court found that  the plain meaning of § 1308 meant that debtors must comply with its provisions regardless of the nonbankruptcy tax filing due date. It further  stated that if Congress had not intended such a result it easily could have added, "if the debtor was required to file a tax return by that date by applicable nonbankruptcy law" to alter the statutes' meaning.  That this result appeared to be harsh treatment for debtors whose returns were not delinquent did not render it at odds with the intention of the BAPCPA's drafters, the court commented, as BAPCPA "contains a number of provisions which some might consider harsh."

LEGISLATIVE HISTORY

While the legislative history is somewhat sparse concerning 11 U.S.C. § 1308, there is some indication that the legislative intent in enacting this provision is to prevent a debtor from enjoying the benefits of Chapter 13 if delinquent in filing tax returns.

Sec. 716.  Requirement to File Tax Returns to Confirm Chapter 13 Plans.  Under current law, a debtor may enjoy the benefits of chapter 13 even if delinquent in the

filing of tax returns.  Section 716 of the Act responds to this problem.  Subsection (a) amends section 1325(a) of the Bankruptcy Code to require a chapter 13 debtor to file all applicable Federal, state and local tax returns as a condition of confirmation as required by section 1308 (as added by section 716(b)).  Section 716(b) adds section 1308 to chapter 13 to require a chapter 13 debtor to be current on the filing of tax returns for the four-year period preceding the filing of the case. If the returns are not filed by the date on which the meeting of creditors is first scheduled, the trustee may hold open that meeting for a reasonable period of time to allow the debtor to file any unfiled returns.  H.R. Rep. No. 109-31, pt. 1 (2005), U.S. Code Cong. & Admin. News 2005, pp. 88, 167.

CONCLUSION

When read together the intent of § 1307(e) and §1308 is clear from both the legislative history and the language used. Unless the debtors obtain relief from the trustee or the court, the tax return must be on file with the IRS and delivered to the trustee prior to the meeting of creditors. In this case, no relief from the requirement was obtained and the return was neither filed nor delivered to the trustee before the meeting. The motion to dismiss must be and is hereby granted.

IT IS ORDERED that the Motion to Dismiss Case, Filing No. 28, is granted.

DATED this 26th day of February 2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the court to:
    Sam Turco
    *Henry Carriger
    Kathleen Laughlin
    U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.